GORMLEY, superintendent of banks, *et al. v.* ROWAN *et al.;* *et vice versa.*

Nos. 9694, 9711. OCTOBER 11, 1933.

*William Story* and *J. B. Humphrey,* for plaintiff.

*E. R. Smith* and *I. H. Corbitt,* for defendants.

BECK, P. J. W. L. Rowan and Mrs. Mattie Rowan filed their petition against R. E. Gormley, State superintendent of banks, and others, alleging, in substance, that the superintendent by Sam C. Josey, liquidating agent, is advertising and causing to be advertised for sale certain described real estate; that the defendant is seeking to sell the land by virtue of a security deed made by W. L. Rowan to the First Bank of Nashville; that, although there is a power of sale in the security deed, the defendant is advertising the property for sale "by virtue of the security deed, and not by virtue of the power of sale contained in said security deed, and no reference is made to the power of sale;" that the deed does not name any per-

son as attorney in fact to make the sale under the power; that the power of sale as stated in the deed is exclusive to the First Bank of Nashville, and not to its successors or assigns, and therefore the advertisement of sale is void, and the sale would be illegal if made under this advertisement; that there is a prior security deed against a 25-acre tract of land included in the deed from Rowan, which was made by one of the plaintiffs, Mrs. Mattie Rowan, to the British and American Mortgage Company, a copy of this first security deed being attached as an exhibit; that there is no reference in the advertisement of the sale to this first deed; that the liquidating agent gave W. L. Rowan to understand that the deed would not be foreclosed, and upon this understanding Rowan went to the expense and trouble of preparing and breaking up the land for the making of a crop for the year 1933; that if the defendants are permitted to sell the land, the plaintiffs will be irreparably damaged; and that the advertisement and therefore the sale of the land will cause the holder and owner of the first security deed to foreclose.

General and special demurrers to the petition were overruled, and the defendants excepted.

■ The court should have sustained the general demurrer. The power of sale in the deed from W. L. Rowan to the First Bank of Nashville is in the following language: "And, as a further consideration moving the parties to this contract, the said W. L. Rowan hereby expressly agrees and covenants that if the debt to secure which this deed is made is not promptly paid in accordance with the tenor and effect of the contract of the indebtedness aforesaid, then the said The First Bank of Nashville may and is by these presents authorized to sell at public outcry, to the highest bidder for cash, all of the above-described property, for the purpose of paying said indebtedness and the expenses of the proceedings after first advertising the time, place, and terms of said sale in some newspaper published in the County of Berrien, once a week for four weeks preceding the time appointed for said sale; and it being hereby stipulated that the foregoing power of sale, being coupled with an interest, shall be irrevocable by the death of either party hereto; and the said party of the second part, its agents or assigns, may bid at said sale, should it desire, and the said The First Bank of Nashville may make, and is hereby constituted the attorney in fact of the said W. L. Rowan to make to the purchaser of said prop-

erty at such sale good and sufficient titles in fee simple to said property, thereby divesting out of the said W. L. Rowan all right, title, or equity that he may have in and to said property, and vesting the same in the purchaser or purchasers aforesaid." One ground on which the petitioners base their contention that the advertisement is not sufficient, and that a sale had in pursuance of the advertisement would be void, is that the power of sale contained in the security deed is made exclusively to the First Bank of Nashville, and not to its successors or assigns; and that the power of sale, under the law, must be strictly construed and the superintendent of banks is without authority to exercise it. We can not agree to this contention. This power of sale is coupled with an interest, as is recited in the power itself; and it is also stipulated therein that it "shall be irrevocable by the death of either party." There were two parties to this deed; one of them was a corporation, and it became insolvent and went into the hands of the superintendent of banks. The right to sell under this power is not strictly a personal trust. The affairs of a bank are managed by a board of directors, and it is necessarily contemplated that the board would have changes in its personnel; and when the bank failed and went into the hands of the superintendent of banks, and its affairs were to be administered by him, the directors no longer had control of the corporation, and would not have control except by permission of the superintendent to resume business upon such conditions as might be approved by him; and it was the duty of the superintendent to employ the power contained in the deed in order that the proceeds of the sale might be applied to the satisfaction of valid claims of depositors and other creditors of the bank. We recognize the fact that a power of sale in a deed like this is to be strictly construed and must be fairly exercised. That is distinctly stated in a statute. But there is nothing in this petition to indicate that this power of sale is not being fairly exercised. The bank, which was one of the parties to the deed, in one sense could not die; but it is dead, so far as the exercise of this power in the deed is concerned, unless the superintendent, under the provisions of the law, permits the bank to resume business upon conditions, etc. The superintendent should be allowed all lawful powers conferred by the banking laws to deal with the assets in the hands of the bank of which he has taken charge, in such a way as to most promptly realize upon the assets to meet the

claims of depositors and other creditors of the bank. And under the facts of this case, in view of the wording of the power of sale, it should not be held that the superintendent of banks can not exercise the power granted in the deed.

■ Another contention of the petitioners is that the advertisement is illegal and insufficient, because it merely makes reference to the security deed, and not to the power of sale contained therein. This contention is without merit. The advertisement states that the property is being offered for sale by virtue of a deed, that is, the security deed from W. L. Rowan to the bank. This necessarily refers to the power in the deed. No one would be misled by such an advertisement.

■ The fact that Mrs. Rowan, the wife of the grantor in the security deed to the bank, had, prior to that deed, executed a security deed to some other person is no obstacle to the exercise of the power of sale contained in the deed to the bank. Mrs. Rowan was not a party to this last deed. If she had made a deed that is valid and enforceable, the grantee in her deed, a corporation, or its successors in title, could claim the property or otherwise assert its rights. It follows that the court erred in overruling the general demurrer.

■ The court not only overruled the general demurrer, but passed an order appointing a rceeiver for the property, his order as to the receivership being as follows: "E. H. Brown is hereby appointed receiver of the property, to take and retain possession of all of said property specified in the·petition, and operate the same and preserve and protect all of said property, until further directed by this court. . . The receiver is directed to cultivate the lands, or have said lands cultivated under his direction and judgment, and to do all things necessary to the best advantage of the parties litigant in this case; to harvest and sell the products of the said farm and keep and retain the profits arising from the sale of said products, until the court shall direct when and where and how the funds arising therefrom shall be distributed. This receivership shall not divest the State superintendent of banks of his authority or legal right to file suit on the note and mortgage or to foreclose said mortgage during the pendency of this receivership; but he is hereby authorized, at his option, to pursue such legal remedy." The plaintiffs filed a cross-bill of exceptions, in

which they assign error upon the order appointing the receiver, on the ground that there was nothing in the pleadings or evidence to authorize the court to appoint a receiver. Under the pleadings and the evidence the court erred in appointing a receiver, especially as it did not appear that the petitioners were insolvent and neither party was asking for the appointment of a receiver.

*Judgment reversed on both bills of exceptions. All the Justices concur.*